## JOHN A. WINKEL, JR., v. ATLAS LUMBER COMPANY, a Corporation.

### (162 N. W. 364.)

**Special agent — special and limited authority — acts of — principal — cannot bind — excess of authority.**

    1. When a special agent acts under a special and limited written authority, he cannot bind his principal by any act in excess of his written authority.

**Loss — party who incurs — must bear — folly — mistake.**

    2. In general, a party must bear such loss as he incurs by reason of his own folly.

Opinion filed March 19, 1917. Rehearing denied April 24, 1917.

Appeal from District Court of Adams County, Hon. *W. C. Crawford,* Judge.

Reversed.

*Flynn & Traynor,* for appellant.

The promise of one to answer for the debt of another is not an original promise, and is within the Statute of Frauds, and must be in writing. N. D. Comp. Laws, § 5888.

An agent acting under a general grant of power has no authority to enter into a contract of guaranty, and it is not binding upon his principal unless its acceptance is communicated to the principal. 2 C. J. 665; N. D. Comp. Laws, §§ 6653, 6656.

The acts of a special agent, under special and limited written authority, outside of such authority, do not bind his principal, unless all the facts are communicated to the principal and followed by ratification or the acceptance and retention of substantial benefits by the principal. Such a contract is for the court to construe, and not for the jury. Queen City F. Ins. Co. v. First Nat. Bank, 18 N. D. 603, 22 L.R.A.(N.S.) 509, 120 N. W. 545; Jones, Ev. § 172, and cases cited.

"Where the authority is conferred in writing, the nature and extent thereof are questions of law for the court, and should not be submitted to the jury." 2 C. J. 964; Sharp v. Kilborn, 64 Or. 371, 130 Pac. 735; Williamson v. North Pacific Lumber Co. 38 Or. 560, 63 Pac. 16, 64 Pac. 854; Anderson v. Adams, 43 Or. 621, 74 Pac. 215; Atwood v. Rose, 32 Okla. 355, 122 Pac. 929; Sullivant v. Jahren, 71 Kan. 127, 79 Pac. 1071; Philadelphia Mortg. & T. Co. v. Hardesty, 68 Kan. 683, 75 Pac. 1115; Cain Bros. Co. v. Wallace, 46 Kan. 138, 26 Pac. 445.

An agent can never have authority, either actual or ostensible, to do an act which is, and is known or suspected by the persons with whom he deals to be, a fraud upon the principal. Comp. Laws 1913, § 6327; 2 C. J. 576.

It is the duty of one dealing with a known agent of another to ascertain the power and authority of the agent to act in any given matter, and he fails to do so at his own peril. Comp. Laws 1913, § 6342; 2 C. J. 559, 583, 585; Lovett, H. & P. Co. v. Sullivan, 189 Mass. 535, 75 N. E. 738; Blackmer v. Summit Coal & M. Co. 187 Ill. 32, 58 N. E. 289; Siebold v. Davis, 67 Iowa, 560, 25 N. W. 778; Robinson v. American Fish & Oyster Co. 17 Cal. App. 212, 119 Pac. 388; Schaeffer v. Mutual Ben. L. Ins. Co. 38 Mont. 459, 100 Pac. 225; Morris v. Ewing, 8 N. D. 99, 76 N. W. 1047; Corey v. Hunter, 10 N. D. 12, 84 N. W. 570;

Rounseville v. Paulson, 19 N. D. 466, 126 N. W. 221; Lederer v. Union Sav. Bank, 52 Neb. 133, 71 N. W. 954; Bryant v. Bank of Commerce, 95 Wis. 476, 70 N. W. 480; Hoyer v. Ludington, 100 Wis. 441, 76 N. W. 348; Godfrey v. Schneck, 105 Wis. 568, 81 N. W. 656; J. I. Case Threshing Mach. Co. v. Eichinger, 15 S. D. 530, 91 N. W. 82; Jasper v. Hazen, 2 N. D. 401, 51 N. W. 583; Elder v. Stuart, 85 Iowa, 690, 52 N. W. 660; Strickland v. Council Bluffs Ins. Co. 66 Iowa, 466, 23 N. W. 926; Iverson v. Metropolitan L. Ins. Co. 151 Cal. 746, 13 L.R.A.(N.S.) 866, 91 Pac. 609; Brown v. Grady, 16 Wyo. 151, 92 Pac. 622; Williams v. Kerrick, 105 Minn. 254, 116 N. W. 1026; Billings v. Morrow, 7 Cal. 171, 68 Am. Dec. 235; McIntosh-Huntington Co. v. Rice, 13 Colo. App. 393, 58 Pac. 358; Peddicord v. Berk, 74 Kan. 236, 86 Pac. 465; Brown v. Gilpin, 75 Kan. 773, 90 Pac. 267; Halsell v. Renfrow, 14 Okla. 674, 78 Pac. 118; 2 Ann. Cas. 286; Monson v. Kill, 144 Ill. 248, 33 N. E. 43; Hatch v. Taylor, 10 N. H. 538.

And where the principal has innocently received benefits under such a contract, and, before learning the true state of facts, has put it beyond his power to return or restore the benefits received, or if, without his fault, conditions are such that he cannot be placed *in statu quo* or repudiate the entire transaction without loss, then there is no ratification. 2 C. J. 496; Comp. Laws 1913, § 6331; Collateral Loan Co. v. Sallinger, 195 Mass. 135, 80 N. E. 811; Billings v. Morrow, 7 Cal. 176, 68 Am. Dec. 235; Halsell v. Renfrow, 14 Okla. 674, 78 Pac. 118, 2 Ann. Cas. 286; Davis v. Talbot, 137 Ind. 235, 36 N. E. 1098; Roberts v. Rumley, 58 Iowa, 301, 12 N. W. 323; Shull v. New Birdsall Co. 15 S. D. 8, 86 N. W. 654; Jewell Nursery Co. v. State, 5 S. D. 623, 59 N. W. 1025; Moyle v. Congregational Soc. 16 Utah, 69, 50 Pac. 806; Nichols v. Bruns, 5 Dak. 28, 37 N. W. 752; Martinson v. Kershner, 32 N. D. 46, 155 N. W. 37.

A person cannot be considered a party to an action unless he is properly served with process and brought into court. The mere naming him as a defendant is not enough. Hicks v. Besuchet, 7 N. D. 429, 66 Am. St. Rep. 665, 75 N. W. 793; 32 Cyc. 492, 496, and the cases cited.

It is for the court to determine from the record of an action in a foreign jurisdiction, when offered in evidence here, whether or not a

person was a party to such foreign action, and such question should not be submitted to the jury. Queen City F. Ins. Co. v. First Nat. Bank, 18 N. D. 603, 22 L.R.A.(N.S.) 509, 120 N. W. 545; 38 Cyc. 1511.

The question of the legal effect and sufficiency of the pleadings is held to be a question of law for the court, so also whether a failure to serve process has worked a discontinuance of an action. 38 Cyc. 1512, 1522, 1527, note 51, 1528, note 41.

*P. D. Norton* and *C. M. Parson* (*Langer & Nuchols* of counsel) for respondent.

ROBINSON, J. The plaintiff shows that in 1911 he joined with defendant in an attachment suit against one Hirschmann, each agreeing to pay an apportionate share of the cost. The attachment was levied. Then settlement was made, and each party received full payment of his claim, with costs. The claim of the plaintiff was $51,50, and that of defendant was $765.50. Some two years after the attachment suit had been settled, an action was commenced in the Kossuth county circuit court of Iowa to recover $5,000 as real and exemplary damages for the alleged conversion of certain personal property taken in the attachment suit and transferred by bill of sale to the plaintiff. The claim was that the bill of sale was merely a security, and that the plaintiff in this action had wrongfully sold and converted the property. Without in any manner consulting the Atlas Lumber Company or giving them any notice of the Iowa action, the plaintiff voluntarily went to Iowa as a witness. Then a summons was served on him. The service was at once declared void on a showing that the plaintiff in this action merely went to Iowa as a witness in the case there pending. The Iowa action amounted to nothing and it was dismissed. However, the plaintiff avers that in this Iowa action he paid out necessary attorneys' fees and expenses, amounting to $821.18, and that the apportionate share of such expense justly due and owing from the defendant is the sum of $769.50 and interest.

It seems the trial court submitted all questions of law and fact to the jury, and they found a verdict against the defendant for $635. The defendant appeals from the judgment on the verdict and from an order denying a motion for judgment notwithstanding the verdict.

There is no claim that the Atlas Company ever made a contract to

36 N. D.—35.

share in the cost, except by its auditor, and his authority was based on a letter to him as follows: "This letter will give you authority to sign the company's name to any paper necessary to attach any goods this man has, or prepare any papers that are found necessary to protect our interest and to collect our account."

This was given at the time of the attachment proceeding, and clearly it related to the attachment suit, and not to such costs as the plaintiff might possibly incur in a wild-goose trip down to some port in Iowa. In any event, to lay a foundation for a recovery against the Atlas Company for costs incurred in the Iowa suit, the plaintiff should first have consulted with the Atlas Company and given them fair notice of the pendency of a suit. If the plaintiff really did pay out such an enormous bill of costs for attorneys' fees, he must charge it to his own folly. He is as the man who went down from Jerusalem to Jericho and fell among thieves. The judgment is reversed and it is ordered that judgment be entered in favor of the defendant notwithstanding the verdict.

CHRISTIANSON, J. I concur in the result reached by Mr. Justice Robinson.

BRUCE, Ch. J. I dissent.

GRACE, J. I dissent.